IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO BORIS FERNANDEZ,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§    3:15-CV-2954-K<br>§    3:14-CR-0044-K<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On November 18, 2014, Petitioner pled guilty to conspiracy to commit theft of government funds, in violation of 18 U.S.C. §§ 371, 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. On March 18, 2015, the district court sentenced him to 60 months' imprisonment. He did not file a direct appeal.

On August 24, 2015, Petitioner filed the instant § 2255 petition. He argues: (1) he received ineffective assistance of counsel when counsel failed to file a notice of appeal; and (2) the indictment was defective.

On January 13, 2017, the Court held an evidentiary hearing on Petitioner's claims.

1

Petitioner was represented by counsel. At the hearing, Petitioner stated he wanted to withdraw his § 2255 petition. Petitioner stated he was not threatened or coerced into withdrawing his petition, and that he wanted the Court to dismiss the petition.

II.

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be dismissed.

IT IS SO ORDERED.

Signed this 18th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).